UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED DAVIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIDGET GLASSPOLE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-05836-TMC<br><br>ORDER TO SHOW CAUSE OR<br>FILE AN AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP"). Plaintiff is proceeding *pro se*. Plaintiff has brought suit against defendants for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §§ 2000e to 2000e-17 and the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12112 to 12117. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For reasons discussed below, plaintiff is ordered to show cause why this cause of action should not be dismissed or file an amended complaint on or before **November 6, 2023**.

## BACKGROUND

Plaintiff names four defendants and identifies them as employees of Kitsap Mental Health Services ("KMHS"): Bridget Glasspoole, Director of Housing and Community Services, Cameron Collins, Manager of Pendleton Place, Brian Moore,

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 1

(Previous) Head of Human Resources, and Monica Bernhard, Chief of Executive Officer. Dkt. 1-1 at 2-3. Plaintiff brings claims pursuant to Title VII and the ADA, alleging discriminatory conduct including termination of his employment, failure to accommodate his disability, unequal terms and conditions of his employment, and retaliation. Dkt. 1-1 at 3-4. Plaintiff's complaint alleges retaliation, including termination, that he faced after filing a complaint. *Id*. at 17.  Plaintiff filed a charge with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue letter which he received on August 11, 2023. *Id*. at 6, 8.

## DISCUSSION

I.     Legal Standard

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially

plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

II.     Rule 8

Under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Here, the proposed complaint does not contain a short, plain statement showing plaintiff is entitled to relief. Dkt. 1-1. Plaintiff attaches emails, screenshots, and other various documents to the complaint. Although the Court may consider certain types of information contained in documents attached to a complaint and incorporated by

reference, the complaint must still comply with Rule 8. *See, Khoja v. Orexigen Therapeutics, Inc.,* 899 F3d 988, 1002-1003, 1018 (9th Cir. 2018) (only the uncontested facts contained in documents attached to a complaint may be considered by the Court under the incorporation by reference doctrine; complaint must allege sufficient facts in the body of the complaint to support a plausible claim); *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Plaintiff states legal conclusions but fails to provide a set of facts upon which relief can be granted. *See* Dkt. 1-1 at 9-10. He states the reasons why he was fired and rebuffs each reason, but he fails to plead any facts related to how his termination or any unfair treatment was based on discrimination. In sum, plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how these acts violated his rights. As such, plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

Under Title VII, it is illegal for an employer to "discriminate against any individual…because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title I of the ADA, it is illegal for an employer to "discriminate against a qualified individual on the basis of disability…" 42 U.S.C. § 12112(a). Individual co-workers or individual supervisory defendants cannot be held liable for damages under Title VII; only the entity that is the employer would be proper a defendant. *Craig v. M & O Agencies Inc.,* 496 F.3d 1047, 1058 (9th Cir. 2007); *Miller v. Maxwell's Intern. Inc.*, 991 F. 2d 583, 587-88 (9th Cir. 1993) (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982)). Likewise, "individual defendants cannot be held

personally liable for violations of [Title I of] the ADA." *Walsh v. Nevada Dept. of Human Resources*, 417 F.3d 1033, 1038 (9th Cir. 2006).

It is unclear whether plaintiff's former employer, KMHS, is a public employer or a private employer, for purposes of determining whether Title I or II of the ADA would apply. Plaintiff does not allege any facts against KMHS as an entity, even though KMHS is listed in the caption of the complaint. If plaintiff wishes to pursue his claims, he must amend his complaint to assert facts that would state a plausible cause of action against a proper defendant.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **November 6, 2023.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a copy of this Order and the *Pro Se* information sheet. Additionally, the Clerk is directed to re-note plaintiff's IFP application for November 6, 2023.

Dated this 23rd day of October, 2023.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge