UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED DAVIS,<br><br>               Plaintiff,<br>    v.<br>BRIDGET GLASSPOLE, et al.,<br><br>              Defendants. | Case No. 3:23-cv-05836-TMC<br><br>REPORT AND RECOMMENDATION TO DENY IFP AND DISMISS<br><br>Noted for: January 12, 2024 |

On September 15, 2023, plaintiff, proceeding *pro se*, filed a proposed complaint and an application to proceed *in forma pauperis* (IFP). Dkt. 1. Given the identified deficiencies in the proposed complaint, the Court did not grant plaintiff's IFP application. Plaintiff was given until November 6, 2023 to show cause why his complaint should not be dismissed or file an amended complaint. Dkt. 3.

On November 15, 2023, plaintiff filed an amended complaint. Dkt. 4. In the complaint, plaintiff explained the financial difficulties he has been facing. *Id*. The Court construed his filing as a motion to extend the Order to Show Cause deadline and granted plaintiff until December 15, 2023 to file an amended complaint. Dkt. 5. In the Order, the Court notified plaintiff that if his amended complaint did not address the deficiencies discussed in the Order to Show Cause, the Court would recommend that his case be dismissed. *Id*.

On November 29, 2023 plaintiff filed a proposed amended complaint. Dkt. 6. Plaintiff's amended complaint names the same defendants as his original complaint – employees of his former employer, rather than the employer itself. *See id*.

Individual defendants cannot be held liable for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 or under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112 to 12117. *See Craig v. M & O Agencies Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *Walsh v. Nevada Dept. of Human Resources*, 417 F.3d 1033, 1038 (9th Cir. 2006). Furthermore, plaintiff's claims against each defendant are conclusory and do not contain a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, plaintiff's complaint should be dismissed without prejudice for failure to state a claim.

## CONCLUSION

Because plaintiff failed to cure the deficiencies the Court previously identified, and the complaint does not state any plausible cause of action, plaintiff's complaint should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

directed to set the matter for consideration on **January 12, 2024**, as noted in the caption.

Dated this 19th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: JANUARY 12, 2024 - 3