UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>BRIDGET GLASSPOOLE; CAMERON COLLINS; BRIAN MOORE; MONICA BERNHARD,<br><br>                Defendant. | Case No. 3:23-cv-05836-TMC<br><br>ORDER DENYING LETTER MOTION FOR RECONSIDERATION |

On September 15, 2023, pro se Plaintiff Jared Davis filed his proposed complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. 1. The Court did not grant Mr. Davis's IFP application because of deficiencies in his proposed complaint: for stating legal conclusions but not providing facts upon which relief can be granted and for not identifying defendants that could be sued under the laws Mr. Davis identified. Dkt. 3. The Court gave Mr. Davis until November 6, 2023 to file an amended complaint or show cause as to why his complaint should not be dismissed. *Id*. On November 15, 2023, Mr. Davis filed an amended complaint explaining the financial difficulties he was facing rather than curing deficiencies identified by the Court when denying his IFP application. *See* Dkt. 4. The Court granted Mr. Davis an extension to

ORDER DENYING LETTER MOTION FOR RECONSIDERATION - 1

December 15, 2023, to file another amended complaint, but noted that his case would be dismissed if the identified deficiencies were not addressed. Dkt. 5.

On November 29, 2023, Mr. Davis filed another proposed amended complaint. Dkt. 6. Because the proposed amended complaint still failed to address previously identified deficiencies and did not state any plausible cause of action, the Honorable Theresa L. Fricke, United States Magistrate Judge, recommended this Court dismiss the complaint. Dkt. 7. Mr. Davis did not file any objections to the report and recommendation, and on January 16, 2024, this Court adopted the report and recommendation and dismissed Mr. Davis's action without prejudice. Dkt. 8.

On January 18, 2024, Mr. Davis filed a letter addressed to the Court, which the Court construes as a motion for reconsideration. Dkt. 10. Motions for reconsideration are disfavored and will ordinarily be denied unless they show "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Civil Rule 7(h). Mr. Davis's letter recounts: a personal anecdote about experiencing discrimination in school, observations about his previous place of employment, and Mr. Davis's opinions about incarceration. *Id*. at 1–2. It does not identify manifest error or show new facts or legal authority, nor does it address the deficiencies previously identified by the Court. Although Mr. Davis's letter explains why he wants to pursue this case, it does not provide any basis for reconsidering the Court's decision to adopt Judge Fricke's report and recommendation. The motion for reconsideration is therefore DENIED.

## CONCLUSION

Because Mr. Davis does not identify any legal basis for reconsidering the Court's prior order dismissing his case and has not taken any steps to cure the deficiencies identified previously, his letter motion for reconsideration is DENIED. The Court notes that it has dismissed Mr. Davis's case without prejudice and he is not prevented from filing a new lawsuit

in the future so long as any future lawsuit meets the legal requirements to state a cause of action. The Court encourages Mr. Davis to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of January, 2024.

_____
Tiffany M. Cartwright
United States District Judge

ORDER DENYING LETTER MOTION FOR RECONSIDERATION - 3